UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE COTA and ADELAIDE COTA,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE,<br><br>Defendant. | No. 1:18-cv-00133-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 3) |

This matter came before the court on defendant Liberty Mutual Insurance Company's[1] ("Liberty") motion to dismiss. (Doc. No. 3.) A hearing on the motion was held on March 20, 2017. Plaintiffs Jose Cota and Adelaide Cota appeared on their own behalves. Attorney Lacey Rice appeared telephonically on behalf of defendant. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendant's motion to dismiss without prejudice and grant plaintiffs leave to file an amended complaint.

**BACKGROUND**

Plaintiffs Jose Cota and Adelaide Cota, appearing *pro se*, filed a form complaint in the Kern County Superior Court, on December 11, 2017, alleging one cause of action for breach of contract against defendant Liberty. (Doc. No. 1, Ex. A.) Plaintiffs allege, in the section of the

---

[1] Sued herein as "Liberty Mutual Insurance."

1

form complaint marked "essential terms of the agreement":

> ON JANUARY 20, 2017 WE HAD A PIKE BROKEN UNDER THE FOUNDATION OF OUR HOME. WE CALLED LIBERTY MUTUAL. THERE CAME OUT 3 DAYS LATER AND HAD A AGENT COME OUT, TOTAL DAMAGE WAS $9,493.25 BUT LIBERTY MUTUAL IS LOW BALLING. WE HAVE AN EARTHQUAKE HOME POLICY AND UMBRELLA COVERAGE. WE WERE DROPPED. WE HAVE IN CARE, MALICE, FRAUD, PREJUDICE, AND TRESPASSING ON VIDEOS. WE NEED JUSTICE.

(*Id.* at 4.) Plaintiffs further allege that defendant breached the insurance agreement by "BREACH, FRAUD, MALICE, RECOURSE, PREJUDICE, NOT HONOR OWN CONTRACT," and seek damages in the amount of $120,000,000. (*Id.* at 3, 4.) This is the extent of the factual allegations of plaintiffs' complaint.

On January 25, 2018, defendant Liberty removed the action to this federal court on the basis of diversity jurisdiction. (Doc. No. 1.) On February 1, 2018, defendant filed a motion to dismiss. (Doc. No. 3.) Plaintiffs did not file an opposition to that motion.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788

F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## ANALYSIS

### I.     Judicial Notice

Before turning to defendant's motion to dismiss, the court first considers defendant's request for judicial notice. (Doc. No. 6.) Defendant requests judicial notice of the U.S. Patent and Trademark Office's Trademark Electronic Search System's records for the service mark "Liberty Mutual Insurance." (*Id.* at Ex. A.)

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee*, 250 F.3d 668, 689. Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

The exhibit offered by defendant for judicial notice is a matter of public record, made available by the website of a governmental entity. (Doc. No. 6 at 2.) The accuracy of the source

of the records—the website of the U.S. Patent and Trademark Office's Trademark Electronic Search System—cannot reasonably be questioned. Fed. R. Evid. 201(b). Defendant's request for judicial notice will therefore be granted.

**II.    Motion to Dismiss**

Defendant asserts that the complaint should be dismissed on two grounds: first, because "Liberty Mutual Insurance" is an improper party to this action; and second, because the complaint fails to allege facts sufficient to state a claim. The court addresses each argument in turn.

A. <u>Improper Party</u>

Defendant asserts that "Liberty Mutual Insurance" is a service mark owned by Liberty Mutual Insurance Company, and therefore cannot be party to the insurance contract at issue. (Doc. No. 3 at 6–7.) Moreover, defendant argues that even if plaintiffs intended to name Liberty Mutual Insurance Company, which owns the Liberty Mutual Insurance service mark, Liberty Mutual Insurance Company was not a party to the insurance contract at issue. (Doc. No. 3 at 7–8.)

To state a breach of contract claim, plaintiffs must plead the existence of a contract with the defendant. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). As stated above, the court has taken judicial notice of the fact that "Liberty Mutual Insurance" is a service mark of Liberty Mutual Insurance Company. (*See* Doc. No. 6 at Ex. A.) Defendant argues that a service mark cannot enter into contracts, but does not cite any authority for that proposition. Courts examining the question, however, have found that service marks are not legal entities and do not have capacity to sue or be sued. *See Govango, Inc. v. Malabar Bay, LLC*, No. 11-1600, 2012 WL 1836178, at *2 (E.D. La. May 21, 2012) (citing cases); *see also Toma & Petros, DDS, Inc. v. Hartford*, No. 17cv1029-MMA (NLS), 2017 WL 3393668, at *1 (S.D. Cal. Aug. 8, 2017) ("Defendant The Hartford is not a legal entity, but rather is a service mark owned by Hartford Fire Insurance Company."); *Pimal Prop., Inc. v. Capital Ins. Group, Inc.*, No. CV11-02323-PHX-DGC, 2012 WL 608392, at *1 n.1 (D. Ariz. Feb. 27, 2012) ("CIG is a registered service mark that is not a legal entity capable of suing or being sued.").

/////

4

In further support of its motion to dismiss, defendant has submitted the declaration of James Coxen, the "Manager PI Production" in the Policy Provision Division of Liberty Insurance Corporation, along with a copy of the homeowners policy issued to plaintiff Adelaide Cota. (Doc. No. 3-3.) The court may consider the policy in ruling on the motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (finding that the "incorporation by reference" doctrine extends to situations in which "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document"). As stated in the policy: "LibertyGuard® Deluxe Homeowners Policy Declarations [are] provided and underwritten by Liberty Insurance Corporation." (Doc. No. 3-3 at Ex. A.) The court therefore finds that defendant Liberty is an improper party to this action, and will grant defendant's motion to dismiss the claims against it. Plaintiffs will be granted leave to amend to name the appropriate defendant, Liberty Insurance Corporation.

B. <u>Failure to Allege Facts Sufficient to State a Claim</u>

Defendant separately argues that the complaint should be dismissed due to plaintiffs' failure to allege sufficient facts to state a claim for breach of contract. (Doc. No. 3 at 8–13.)

The form complaint filed by plaintiffs is only partially filled out, leaving multiple sections blank. Plaintiffs' only attempt to allege any facts in support of their claim(s) is presented in one paragraph, in the section on "essential terms of the agreement" in the form complaint. This paragraph is plainly insufficient to allege a plausible breach of contract claim, and does not give defendant fair notice of the alleged wrongful conduct for which it is being sued. There are no allegations as to the date or terms of the contract, much less how the contract was purportedly breached. Accordingly, the court will dismiss the complaint for failure to allege facts sufficient to state a cognizable claim for relief.

Plaintiffs will be granted leave to file a first amended complaint. Any such amended complaint should allege, at a minimum, the existence of a homeowners insurance policy between the parties; what is covered pursuant to the policy; whether plaintiffs submitted a claim with the insurance company and on what basis; whether the insurance company unreasonably denied,

underpaid, or delayed the claim; and what relief plaintiffs seek as a result.

Plaintiff are also cautioned that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiffs' claims and must allege facts that state the elements of each claim plainly and succinctly. *See* Fed. R. Civ. P. 8(a)(2); *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649. Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiffs may construct a complaint's framework with legal conclusions, but must support the legal conclusions with factual allegations with at least some degree of particularity. *Id*. at 679; *Jones*, 733 F.2d at 649.

Plaintiffs are also advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any amended complaint plaintiff elects to file, she must (1) name each defendant in the caption, (2) identify each defendant in the body of the complaint and of each claim, and (3) sufficiently allege the involvement of each defendant, just as if it were the initial complaint filed in this case. Finally, any amended complaint filed by plaintiffs must include concise but complete factual allegations describing the conduct and events which underlie their claims.

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss (Doc. No. 3) is granted without prejudice; Plaintiffs are granted leave to file a first amended complaint consistent with the above directions within thirty days of the service of this order; and

/////

/////

/////

6

2. Any failure by plaintiffs to file a first amended complaint within the time provided will likely result in the dismissal of this action for failure to prosecute and failure to abide by the court's orders.

IT IS SO ORDERED.

Dated: **March 22, 2018**

_____
UNITED STATES DISTRICT JUDGE