UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE COTA and ADELAIDE COTA,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE,<br><br>Defendant. | No. 1:18-cv-00133-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>(Doc. No. 20) |

This matter came before the court on defendant Liberty Mutual Insurance Company's[1] ("Liberty") motion to dismiss plaintiffs' first amended complaint ("FAC"). (Doc. No. 20.) A hearing on the motion was held on September 18, 2018. Plaintiffs Jose Cota and Adelaide Cota appeared telephonically and *pro se*. Attorney Lacey Rice appeared telephonically on behalf of defendant. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendant's motion to dismiss with prejudice.

**BACKGROUND**

Plaintiffs Jose Cota and Adelaide Cota, appearing *pro se*, filed a complaint in Kern County Superior Court on December 11, 2017, alleging one cause of action for breach of contract against defendant. (Doc. No. 1, Ex. A.) On January 25, 2018, defendant removed the action to

---
[1] Sued herein as "Liberty Mutual Insurance."

1

federal court based on diversity jurisdiction.  (Doc. No. 1.)  On February 1, 2018, defendant filed a motion to dismiss the complaint.  (Doc. No. 3.)  On March 23, 2018, the court granted defendant's motion to dismiss without prejudice and granted plaintiffs leave to file an amended complaint within thirty days.  (Doc. No. 11.)

Plaintiffs did not file an amended complaint within the time allotted.  On June 13, 2018, the magistrate judge assigned to this case issued an order to show cause, directing plaintiffs to show cause in writing why this action should not be dismissed due to their failure to prosecute and failure to comply with the court's March 23, 2018 order.  (Doc. No. 17.)  However, on June 19, 2018, the Clerk of the Court docketed correspondence from the plaintiffs that had been received on June 12, 2018.  (Doc. No. 18.)  Construing that correspondence as plaintiffs' FAC, the magistrate judge thereafter withdrew the order to show cause.  (Doc. No. 19.)

The court notes that the purported FAC is styled as a letter to the court and does not include a caption identifying the parties or what causes of action plaintiffs intend to assert against each defendant.  (*See* Doc. No. 18.)  Out of an abundance of caution, however, the court will construe this document as plaintiffs' FAC.

The FAC alleges that plaintiffs "have a written contract with Liberty Mutual Insurance." (*Id.* at 4.)  To the FAC, plaintiffs attached the Policy Declarations pages of Mrs. Cota's homeowners' insurance policy No. H37-261-813628-75, including information on an "Earthquake Coverage Offer" and "Homeprotector Plus Endorsement."  (*Id.* at 7–14.)  Plaintiffs further allege that on January 20, 2017, they contacted their insurance company "because of a flood in our home the hot water pipe broke under out foundation of our home."  (*Id.* at 3.) Plaintiffs claim that they "have Earth Quake Insurance and nothing is helping us out.  And we were sold Umbrella Insurance, I do not understand how the Insurance is not paying up to what is written for a consumer."  (*Id.* at 4.)

The FAC further alleges that Mrs. Cota injured her knee and ankle due to the flooding, and that although her "medical condition is now stable," she is "still experiencing pain and suffering."  (*Id.*)  Mrs. Cota asserts that the pain and suffering also "applies to my husband Jose as he had to move furniture with no help from our Insurance."  (*Id.*)  Plaintiffs contend that they

"have 8 poodle dogs that suffered in this process" as well, and that following the flooding, they have had to pay for mold testing, repair of the pipe, an apartment, motel bills, and medical bills. (*Id.*)

In addition, the FAC alleges that the "City Water Department of Kerns" is at fault "due to old cast Iron pipe under foundation, this is why the pipe broke." (*Id.*) Plaintiffs further provide that they "had to fire The Attorney on this case. As we were Notice by a Staff at the Federal Court she did not mention she was our attorney on file." (*Id.* at 5.) Plaintiffs attached to their FAC a Business Retainer Agreement with Chellei G. Jimenez of the Jimenez Law Group for four hours of work related to the "negotiation of settlement with Liberty Mutual." (*Id.* at 20.)

Although not entirely clear, it appears that plaintiffs intend to assert a breach of contract claim against "Liberty Mutual Insurance," the entity with which plaintiffs assert they have a written contract. Additionally, the FAC may also attempt to assert claims against the "City Water Department of Kerns" and plaintiffs' former attorney, but it is not clear what causes of action, if any, are being asserted against them.

On July 6, 2018, Liberty filed a motion to dismiss the FAC. (Doc. No. 20.) Plaintiffs filed an opposition on July 12, 2018. (Doc. No. 23.) Liberty filed its reply on September 11, 2018. (Doc. No. 24.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/////

3

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## ANALYSIS

### A. Judicial Notice

Before turning to defendant's motion to dismiss, the court first considers defendant's request for judicial notice. (Doc. No. 20-3.) Defendant requests judicial notice of the U.S. Patent and Trademark Office's Trademark Electronic Search System's records for the service mark "Liberty Mutual Insurance." (*Id.* at Ex. A.)

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into a motion for summary judgment. *Lee*, 250 F.3d 668, 689. Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts

4

therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

The exhibit offered by defendant for judicial notice is a matter of public record, made available by the website of a governmental entity. (Doc. No. 20-3 at 3.) The accuracy of the source of the records—the website of the U.S. Patent and Trademark Office's Trademark Electronic Search System—cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Defendant's request for judicial notice will therefore be granted.

### B. Motion to Dismiss

In the court's March 23, 2018 order addressing defendant's prior motion to dismiss, the court dismissed plaintiff's breach of contract claim because plaintiffs named the improper defendant and failed to state sufficient facts to state a claim. (*See* Doc. No. 11.) Plaintiffs' FAC suffers from the same deficiencies and must therefore also be dismissed.

At the outset, the court notes that the FAC lacks a caption or any other allegations making clear whom plaintiffs intend to sue. Plaintiffs thus failed to follow the court's previously issued instructions that any amended complaint would supersede the original complaint, and that the amended complaint must "(1) name each defendant in the caption, (2) identify each defendant in the body of the complaint and of each claim, and (3) sufficiently allege the involvement of each defendant, just as if it were the initial complaint filed in this case." (Doc. No. 11 at 6.)

While plaintiffs' FAC alleges that plaintiffs have a written contract with "Liberty Mutual Insurance" (Doc. No. 18 at 4), the court has taken judicial notice of the fact that "Liberty Mutual Insurance" is a service mark of Liberty Mutual Insurance Company. (*See* Doc. No. 20-3 at Ex. A.) Service marks are not legal entities and do not have capacity to sue or be sued. *See Govango, Inc. v. Malabar Bay, LLC*, No. 11-1600, 2012 WL 1836178, at *2 (E.D. La. May 21, 2012) (citing cases); *see, e.g.*, *Toma & Petros, DDS, Inc. v. Hartford*, No. 17cv1029-MMA (NLS), 2017 WL 3393668, at *1 (S.D. Cal. Aug. 8, 2017) ("Defendant The Hartford is not a legal entity, but rather is a service mark owned by Hartford Fire Insurance Company."); *Pimal Prop., Inc. v. Capital Ins. Group, Inc.*, No. CV11-02323-PHX-DGC, 2012 WL 608392, at *1 n.1 (D. Ariz. Feb.

27, 2012) ("CIG is a registered service mark that is not a legal entity capable of suing or being sued."). In the court's March 23, 2018 order, the court explained to the plaintiffs that "Liberty Mutual Insurance" is an improper party to this action, and granted plaintiffs leave to amend to name the appropriate defendant, Liberty Insurance Corporation. (Doc. No. 11 at 5.) Nonetheless, in their FAC, plaintiffs again fail to name the appropriate defendant.

The FAC furthermore fails to allege sufficient facts to state a claim for breach of contract. In the court's March 23, 2018 order, the court instructed plaintiffs that any amended complaint they elected to file "should allege, at a minimum, the existence of a homeowners' insurance policy between the parties; what is covered pursuant to the policy; whether plaintiffs submitted a claim with the insurance company and on what basis; whether the insurance company unreasonably denied, underpaid, or delayed the claim; and what relief plaintiffs seek as a result." (Doc. No. 11 at 5–6.)

The extent of the FAC's allegations regarding a purported breach of contract are that plaintiffs "have Earth Quake Insurance and nothing is helping us out. And we were sold Umbrella Insurance, I do not understand how the Insurance is not paying up to what is written for a consumer." (Doc. No. 18 at 4.) From these allegations, it is entirely unclear what plaintiffs are alleging constitutes Liberty's breach, if any breach is being alleged.[2] In addition, plaintiffs allege damages in the form of an injury to Mrs. Cota's knee and ankle, pain and suffering experienced by both plaintiffs and their eight poodles, and seek payment for a mold test, a pipe repair, an apartment, motel bills, and medical bills. (*Id.*) It is unclear whether plaintiffs attribute these claimed damages to Liberty's alleged breach, or to the actions of other parties referenced in the FAC, including the "City Water Department of Kerns" and plaintiffs' former attorney Chellei G. Jimenez. Despite the clear instructions of the court, plaintiffs have again failed to state a claim

---

[2] Plaintiffs' opposition to the motion to dismiss provides no clarity. Confusingly, the opposition only restates the legal standards for a Rule 12(b)(6) motion to dismiss and then includes a section entitled "Defendant Cannot Bring Cause of Action Based on Boston Massachusetts Procedural Law in the Easyern [sic] District of California District Court." (Doc. No. 23 at 3.) Plaintiffs go on to state that "[a]t least two pf [sic] Defendant's cause of action are based on California procedural law that has no application to an action pending in the U.S. District Court in South Carolina. . .." (*Id.* at 3–4.)

for relief against defendant Liberty or any other potential defendant in this action.

The court has considered whether plaintiffs should be given further leave to amend their complaint to cure the deficiencies addressed herein. Although "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a), "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Despite the court's prior order setting out instructions and guidance to the pro se plaintiffs, the deficiencies that the court previously identified remain uncorrected in the FAC. Under these circumstances, the court can only conclude that plaintiffs are either unwilling or unable to properly plead the cause(s) of action they have attempted to assert in this action and that the granting of further leave to amend would be futile.[3] The court will therefore dismiss the FAC with prejudice.

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss (Doc. No. 20) is granted with prejudice;
2. Plaintiffs are denied further leave to amend; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 2, 2018**

UNITED STATES DISTRICT JUDGE

---

[3] The court has twice returned filings submitted by the plaintiffs in this case because such filings were incomprehensible or because they had no apparent relevance to this action. On March 9, 2018, the court rejected plaintiffs' filing of hundreds of pages of documents that did not, on their face, relate to or refer to the instant case. (*See* Doc. No. 8.) On August 3, 2018, the court directed the Clerk of the Court to return to plaintiffs a document entitled "Ecclesiastical Deed Poll," which appeared to assert rights granted by a manufactured sovereign entity and on which appeared thumbprints apparently made in blood.

7